IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SWART,** *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| and **ELIZABETH NORDEN, TYLER BRUMFIELD, DORIS DAVENPORT,** and **WILLIAM MORGAN,** | ) ) ) ) ) | Case No. 19-cv-06213 <br><br> Hon. John Robert Blakey <br> Magistrate Judge Sidney I. Shenkier |
| Plaintiffs-Intervenors, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CITY OF CHICAGO,** | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO INTERVENE AND FOR LEAVE TO FILE COMPLAINT IN INTERVENTION**

Plaintiffs-Intervenors Elizabeth Norden, Tyler Brumfield, Doris Davenport, and William Morgan ("Intervenors") hereby file this Motion to Intervene and for Leave to File Complaint in Intervention pursuant to Federal Rule of Civil Procedure 24(b).

Permissive intervention is at the sound discretion of the Court, and parties may intervene when they have a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). A court in deciding a motion to intervene should consider whether the motion to intervene is timely, whether there are claims with common questions of law or fact, and whether intervention will unduly prolong litigation. *See PAC for Middle Amer. v. State Bd. of Elections*, 1995 U.S. Dist. LEXIS 14011, **8-9 (N.D. Ill. Sept. 20, 1995).

Intervenors are all individuals who circulated petitions for a binding question of public policy under Article VII of the Illinois Constitution and intend to continue circulating referendum petitions. Intervenors all attempted to circulate referendum petitions in Millennium Park, but they were told by various employees and representatives of Defendant City of Chicago that they could not circulate petitions in Millennium Park. The attached proposed Complaint in Intervention raises claims that Chicago violated their free speech and petition rights, as well as their right to referendum under the Illinois Constitution.

The claims raised in the proposed Complaint in Intervention involve similar factual and legal issues to the initial complaint. For example, they raise factual issues about the Millennium Park rules and whether Millennium Park is a traditional public forum. They also raise legal issues about whether the Millennium Park rules adopted by Chicago violate the free speech rights of Plaintiffs and Intervenors because they are not narrowly tailored. Moreover, this intervention motion is timely – filed less than one month after the original complaint – and it will not unduly prejudice any of the parties or delay the action. Intervenors, however, will complement the claims of Plaintiffs by raising issues relating to the right to petition in addition to the freedom of religion claims raised by Plaintiffs.

Accordingly, Intervenors request this Court grant their motion to intervene and allow them leave to file the attached Complaint in Intervention.

Dated: October 3, 2019                                INTERVENORS

                                                      By:    /s/ *Ed Mullen*
                                                             One of Their Attorneys

| | |
|---|---|
| Pat Quinn (Atty. No. 3127623) | Ed Mullen (Atty. No. 6286924) |
| 216 N. Jefferson St. | Mullen Law Firm |
| Suite 200 | 601 S. California Ave. |
| Chicago, IL 60661 | Chicago, IL 60612 |
| (312) 485-1852 | (312) 508-9433 |
| ltg.patquinn@gmail.com | ed_mullen@mac.com |

*Attorneys for Plaintiffs-Intervenors*