**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **SWART,** *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| and **ELIZABETH NORDEN, TYLER** | ) | Case No. 19-cv-06213 |
| **BRUMFIELD, DORIS DAVENPORT,** | ) | |
| and **WILLIAM MORGAN,** | ) | **Hon. John Robert Blakey** |
| | ) | **Magistrate Judge Sidney I. Shenkier** |
| Plaintiff-Intervenors, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CHICAGO,** | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT IN INTERVENTION**

Plaintiff-Intervenors ("Intervenors") hereby file this Complaint in Intervention against

the City of Chicago ("Chicago"), and in support thereof, allege as follows:

1.      An initial Verified Complaint for Declaratory and Injunctive Relief in this case was

filed on September 18, 2019 by Plaintiffs Matt Stewart, Jeremy Chong, Gabriel Emerson, and

Caeden Hood against Defendant Chicago.

2.      Intervenor Elizabeth Norden is an individual residing in Cook County, Illinois.

3.      Intervenor Tyler Brumfield is an individual residing in Cook County, Illinois.

4.      Intervenor Doris Davenport is an individual residing in Cook County, Illinois.

5.      Intervenor William Morgan is an individual residing in Will County, Illinois.

6.      Defendant Chicago is a municipal corporation located in Cook County, Illinois.

**EXHIBIT 1**

7.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction), 28 U.S.C. § 2201 (authorizing declaratory relief), and 28 U.S.C. § 2202 (authorizing injunctive relief).

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(e) and 1402(a) and 5 U.S.C. § 703.

9.      Intervenors are all individuals who regularly circulate petitions to place questions of public policy on the ballot, including binding questions of public policy authorized by Sections 6(f) and 11 of Article VII of the Illinois Constitution.

10.     Intervenors have attempted to circulate petitions in Millennium Park in Chicago, but they have been harassed and their ability to circulate petitions hindered by employees or representatives of Chicago.

11.     In the summer of 2018, Intervenor Brumfield was denied access to Millennium Park by the Chicago Police Department because he was circulating binding referendum petitions. Intervenor Brumfield intends to continue to circulate petitions for binding referendums.

12.     Intervenor Morgan was told on a number of occasions from 2016 to 2018 that he could not circulate petitions in Millennium Park by Chicago Park District employees because it was a "public park" or "government property." On one occasion, he was told by a Park District employee that he could not circulate petitions because "that is how it works in Chicago." Intervenor Morgan intends to continue to circulate petitions for binding referendums.

13.     Intervenor Norden was told by a public employee that she could not circulate petitions at Millennium Park and the employee told her she was a "terrible person" when she

**EXHIBIT 1**

asked where in the Rules it said she could not circulate petitions. On other occasions she was

harassed and videotaped by security personnel at Millennium Park while trying to circulate

petitions. Intervenor Norden intends to continue to circulate petitions for binding referendums.

14.     Millennium Park has been touted as the prototypical town square by Chicago,

and it was the location of the swearing in of the Chicago Mayor and City Council in 2011.

15.     Chicago has established rules and regulations that prohibit Intervenors from

circulating petitions on public property in certain areas of Millennium Park. Intervenors adopt

paragraphs 37-45 of the Verified Complaint specifying the relevant rules (hereinafter the

"Rules") adopted by Chicago for Millennium Park.

16.     These Rules are not narrowly tailored to advance Chicago's stated interest in

allowing people to view artistic displays without interruption, particularly because the rules

apply to areas of Millennium Park where there is no public artistic displays.

## COUNT I
### Freedom of Speech and Petition

17.     Intervenors restate and reallege paragraphs 1-16 as though fully set forth herein.

18.     Intervenors' free speech and petition activities are protected under the First

Amendment to United States Constitution and Article I of the Constitution of the State of

Illinois.

19.     Millennium Park is a traditional public forum.

20.     The Rules, on their face, improperly restrict free speech within a traditional

public forum.

21.     The Rules vest overly broad discretion to unknown officials to restrict

constitutionally protected speech.

**EXHIBIT 1**

22.     The Rules improperly provide visitors to the Park the right to shut down free speech – a Heckler's Veto.

23.     The Rules are overbroad because they burden free speech more than is necessary to serve a significant governmental interest.

24.     The Rules are vague because they vest public officials with unbridled discretion that may be exercised in an inconsistent or discriminatory manner.

## COUNT II
### Illinois Constitutional Right to Initiative and Referendum

25.     Intervenors restate and reallege paragraphs 1-24 as though fully set forth herein.

26.     The right of initiative and referendum is constitutionally authorized by Article VII and Article XIV of the Illinois Constitution.

27.     The Illinois Supreme Court has held that limitations on the right to referendum are subject to strict scrutiny.

28.     The Rules are a limitation on Intervenors' right of referendum.

29.     The Rules are not narrowly tailored to achieve a substantial governmental interest and infringe upon the constitutional rights of Intervenors to circulate referendum petitions.

## PRAYER FOR RELIEF

WHEREFORE, Intervenors respectfully request as follows:

1.     That the Court issue a declaration that Chicago's Rules and actions violate Intervenors' rights to free speech and petition under the constitutions of the United States and Illinois and their right of referendum under the Illinois constitution;

**EXHIBIT 1**

2.      That the Court enjoin Chicago and its agents, employees, and representatives

from enforcing the Rules against Intervenors to interfere with circulation of referendum

petitions freely throughout Millennium Park;

3.      Award damages for violation of Intervenors' constitutional rights;

4.      Award Intervenors their costs and attorneys' fees pursuant to 42 U.S.C. § 1988;

and

5.      Such other relief as appropriate.

Dated:  October 3, 2019                                INTERVENORS


                                                       By: _____
                                                           One of Their Attorneys


Pat Quinn (Atty. No. 3127623)          Ed Mullen (Atty. No. 6286924)
216 N. Jefferson St.                   Mullen Law Firm
Suite 200                              601 S. California Ave.
Chicago, IL 60661                      Chicago, IL 60612
(312) 485-1852                         (312) 508-9433
ltg.patquinn@gmail.com                 ed_mullen@mac.com


                    *Attorneys for Plaintiffs-Intervenors*


**EXHIBIT 1**