**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| **MATT SWART et al.**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 19-cv-06213 |
| v. | ) | |
| | ) | Honorable John Robert Blakey |
| **CITY OF CHICAGO**, | ) | |
| | ) | |
| Defendant. | ) | |

---

**PLAINTIFFS' MOTION TO CONVERT THIS COURT'S FEBRUARY 20, 2020
PRELIMINARY INJUNCTION INTO A PERMANENT INJUNCTION**

---

**NOW COME** Plaintiffs, Jeremy Chong, Gabriel Emerson, and Caeden Hood, by their

counsel, Mauck & Baker, LLC, and respectfully request conversion of this Court's February 20,

2020 Order into a permanent injunction, and in support, state as follows:

On February 20, 2020, this Court issued a ruling fully determining the salient legal issues

related to Defendant City of Chicago's restrictions on speech in Millennium Park. This Court

found that the City's prohibition on the making of speeches and distributing literature constituted

a likely violation of the First Amendment.

Plaintiffs now seek a permanent injunction, and unless Defendant can put forth a new legal

theory or factual question, the Court is free to grant it. Aside from issues related to attorneys'

fees and costs, all factual and legal questions have been addressed and there is simply nothing

left to do in order to finalize the legal status of the parties.

**I.    The Seventh Circuit allows for conversion of a preliminary injunction into a
permanent injunction when no factual dispute exists.**

As the Supreme Court has held, "The standard for a preliminary injunction is essentially the

same as for a permanent injunction with the exception that the plaintiff must show a likelihood of

success on the merits rather than actual success." *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 546 (1987).

The key issue for determining whether a preliminary injunction should be converted to a permanent injunction is whether all parties had a fair opportunity to present their case in favor or against injunctive relief. *Geneva Assur. Syndicate, Inc. v. Med. Emergency Servs. Assocs. (MESA), S.C.*, No. 92 C 1652, 1992 WL 162246, at *1 (N.D. Ill. July 6, 1992); *Reese Publishing Co. v. Hampton International Communications*, 620 F.2d 7, 12 (2nd Cir.1988).

Normally, an evidentiary hearing is required to issue an injunction. *Medeco Sec. Locks, Inc. v. Swiderek*, 680 F.2d 37, 38 (7th Cir. 1981). As discussed in the next section, a court can consolidate the hearings for a preliminary and permanent injunction. Fed. Civ. R. 65. Even more, the Seventh Circuit Court of Appeals does not require a hearing to issue a permanent injunction where it appears that no facts could have arisen in a hearing that would alter the result.

In *Socialist Workers Party v. Illinois State Bd. of Elections Socialist Workers*, the Seventh Circuit Court of Appeals upheld the issuance of a permanent injunction against enforcement of a Chicago elections statute, even though the defendants in the case had not been afforded an evidentiary hearing on the matter. 566 F.2d 586, 587 (7th Cir. 1977), *aff'd*, 440 U.S. 173, 99 S. Ct. 983 (1979). The court reasoned as follows:

> No purpose would have been served by holding an evidentiary hearing in this case. There was no factual dispute as to the ground on which the injunction was ordered. The district court permitted appellants to file an offer of proof outlining facts they would present if a hearing were granted. We find nothing in this offer of proof which, if proved, would have altered the result; indeed, it has not been demonstrated that anything that could have arisen in a factual hearing would have altered the result.

> *Id.*

Unless Defendant can point out new factual evidence or a new legal theory, the need for an evidentiary hearing for a permanent injunction is obviated due to the nature of the issues

involved. The main issue is a purely legal question that does not require another hearing or any further proceedings.

## II.   This Court can consolidate the preliminary hearing for the February 20, 2020 preliminary injunction with a permanent injunction.

The Court can also consolidate the hearings after a preliminary injunction has been issued. According to the Federal Rules of Civil Procedure 65(a), the evidentiary hearings for a preliminary and permanent injunctions can be consolidated "[b]efore or *after* beginning the hearing on a motion for a preliminary injunction." (emphasis added); *see also Geneva Assur. Syndicate, Inc.* No. 92 C 1652, 1992 WL 162246.

Furthermore, Fed. Civ. R. 65 also provides, "[e]ven when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial."

Although notice must generally be given prior to issuing a permanent injunction, if the parties are given a full opportunity to present evidence on the issues material to the request for injunctive relief at the preliminary injunction hearing, "no notice [of consolidation] need be given prior to the hearing." *Id. quoting Levas and Levas v. Village of Antioch*, 684 F.2d 446, 448 (7th Cir.1982).

Defendant has had notice that Plaintiffs are seeking a permanent injunction as their motion was for either a permanent or preliminary injunction. Dkt. 007. Furthermore, Defendant has had ample opportunity to defend the Park ordinances with various legal theories, all of which were rejected by this Court in the February 20, 2020 Order.

## III.   Plaintiffs and Defendant have briefed and submitted evidence on all substantive legal issues necessary to support permanent injunction.

The February 20, 2020 Order was issued after a two-day evidentiary hearing, extensive legal briefing, and oral argument. Five witnesses testified at the hearing. Prior to the hearing,

Defendant deposed all four of the Plaintiffs and all four of the Plaintiff-Intervenors.

In support of its Motion for Permanent or Preliminary Injunction, Plaintiff submitted a Memorandum of Law as well as post-trial brief comprehensively addressing their First Amendment claims. Defendant also filed a Post-Hearing Supplemental Brief in Opposition to Motions for Preliminary Injunction presenting numerous legal theories defending the constitutionality of the City's ordinances. The Plaintiff-Intervenors also filed a post-trial brief. The briefs included various exhibits including maps, histories and descriptions of Millennium Park, citations to the depositions, and other documents.

Unless the Defendant has new substantive legal theories or material factual evidence, any further legal briefing and fact finding is wasteful.

## IV. The Court's February 20, 2020 Order made all essential legal and factual findings to support permanent injunction.

The Court found in favor of the Plaintiffs on the following grounds:

    a. The Court found that the Plaintiffs' activities constitute protected First Amendment activities. Dkt. 054 at 13.

    b. The Court established that Millennium Park is a traditional public forum. *Id*. at 13-17.

    c. The Court found the ordinances to constitute content-based restrictions and therefore merits strict scrutiny. *Id*. at 17-21.

    d. The Court found the ordinance did not satisfy strict scrutiny, in that they did not serve a compelling government interest and were not narrowly tailored. *Id*. at 21-25.

    e. The Court found in the alternative that the ordinances would fail even intermediate scrutiny. *Id*. at 26-27.

    f. The Court found the ordinances to be unconstitutionally vague. *Id*. at 27-28.

    g. The Court rejected the City's contention that the ordinances' constitutionality can rely on the government speech doctrine. *Id*. at 28-30.

The Order for Preliminary Injunction was thorough and comprehensive in addressing each of

the Defendant's arguments, and did not rule in the Defendant's favor on any issue.

If Defendant has a new legal theory or material factual evidence, it cannot merely address an ancillary issue. In order to overcome this Court's comprehensive Order, any new evidence or legal theory must address and convincingly change each of the core rulings on which the preliminary injunction was granted. For example, unless the new evidence or new legal theory persuades this Court that Millennium Park is not a traditional public forum, or that the ordinances serve a compelling government interest and are narrowly tailored, or that the ordinances are not unconstitutionally vague, a permanent injunction should still be granted.

A conversion of the preliminary injunction into a permanent one is now appropriate because the findings in this Court's February 20, 2020 Order, aside from issues of cost and fees, resolves all factual and legal claims against the Defendant.

WHEREFORE, the Plaintiffs respectfully request that this Court grant their Motion to Convert the February 20, 2020 Preliminary Injunction into a Permanent Injunction, and any other just relief.

Respectfully submitted on this 2nd day of March, 2020.

**SWART, CHONG, EMERSON, AND HOOD**

By: */s/* John W. Mauck_____
One of their Attorneys

John W. Mauck, Esq.
Sorin A. Leahu, Esq.
Andrew S. Willis, Esq.
**Mauck & Baker, LLC**
One N. LaSalle St., Suite 600
Chicago, Illinois 60602
Telephone:  312-726-1243
Facsimile:  866-619-8661
jmauck@mauckbaker.com
sleahu@mauckbaker.com
awillis@mauckbaker.com
*Counsel for Plaintiffs*

5