IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATT SWART, JEREMY CHONG, GABRIEL EMERSON, and CAEDEN HOOD <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, an Illinois municipal corporation, <br><br> Defendant. | CASE NO. 19-CV-06213 <br><br> Honorable Judge John Robert Blakey |

### MOTION FOR DECLARARTORY AND INJUNCTIVE RELIEF

Plaintiffs, Matt Swart *et. al.*, by and through their counsel, submit the following Motion for Declaratory and Injunctive Relief and in support state as follows:

1. On February 20, 2020, this Court entered an order preliminarily enjoining the City from enforcing various Millennium Park Rules restricting First Amendment activities at Millennium Park.

2. On March 5, 2020, this Court entered and continued Plaintiffs' motion to convert the preliminary injunction into a permanent injunction.

3. During the March 5th hearing, the Court instructed the parties to meet and confer regarding the City's plan to revise the park rules and specifically stated that "I don't see any reason why they [the City] shouldn't hear you out because if they don't, that would not necessarily bode well for our next court appearance and might result in some unnecessary activity on a case that should find its way to a resolution on its own." **Exhibit A, Transcript**.

4. Since that hearing, the Plaintiffs and Intervenors have repeatedly sought draft proposals of the rules in order to provide comment and feedback as directed by the Court.

1

5. On May 11, 2020, attorney Mauck emailed City counselors informing them that "we have been waiting to see if the City would submit replacement rules for our review." **Exhibit B, May 11th Email**.

6. On May 13, 2020, the City responded that it would "be happy to hear your ideas" without providing any drafts or proposals for the new rules. **Exhibit C, May 13th Email**.

7. On May 14, 2020, attorney Mauck responded with some general thoughts on crafting new rules but could not provide any specific feedback without having access to any drafts or proposals from the City. **Exhibit D, May 14th Email**. Later that day, the City responded by stating "We'll take a careful look and continue the dialogue." *Id*.

8. On June 17, 2020, attorney Mauck wrote the City a letter reiterating that "Despite a number of calls and emails requesting the City's proposed changes to the Millennium Park Rules, we have seen no proposals whatsoever." **Exhibit E, June 17th Letter**. Pat Quinn, on behalf of the Intervenors, followed up with an email later that day as well. **Exhibit F, June 17th Email.**

9. Counsel for the Plaintiffs and Intervenors followed up at various other times by telephone requesting status updates regarding the revised rules only to be told that the City is working on them.

10. On August 26, 2020, the City informed Plaintiffs that new rules have been promulgated.

11. The City has not once offered to meet and confer concerning the rules, has kept the process and progress of the revisions of the rules a secret, and despite repeated requests to review drafts or proposals of the new rules by the Plaintiffs and Intervenors, the City not once provided them an opportunity to review the revised rules before they were completed.

12. Indeed, the City's refusal to deal in good faith with the Plaintiffs and work together on crafting sound rules dates back to well before this suit was filed. On May 16, 2019, Plaintiffs sent the City a detailed letter highlighting various problems with the then existing rules and requesting a response to the letter from the City. **Exhibit G, May 16, 2019 Letter**.

13. On July 26, 2019, the City responded that it was in discussion about changing some of the rules but that nothing was decided. **Exhibit H, July 26, 2019 Email**. Despite verbal promises to the Plaintiffs that the City would follow up with them on proposed new rules, the City amended rules on August 26, 2019 without ever telling the Plaintiffs or requesting their input.

14. The City's blatant pattern of refusing to deal in good faith resulted in this litigation and now, unfortunately, is contributing to additional litigation.

15. A review of the newly promulgated rules quickly reveals that a number of the sections still violate the Constitution, this Court's prior ruling, or are otherwise unclear or ambiguous. **Exhibit I, Revised Rules**. For instance, the new rules continue to prohibit First Amendment activity in various "rooms" even though this Court rejected such rules and found that the park is a public forum. In addition, the rules are unclear regarding what activities are permitted or not permitted on the sidewalks within the park. The rules are also vague, ambiguous, and/or overbroad regarding when certain "events" are said to commence such that certain activities, like gathering signatures, must cease, and whether events are confined to certain spaces or extend to other "rooms." These are some of the issues that could have easily been avoided had the City followed the Court's direction and consulted with the Plaintiffs about the new rules.

16. The presumed continuing representation by the City that Millennium Park is Chicago's "Town Square" is not explained in the rules nor do the rules even purport to explain to the public why certain activities are curtailed in the public park/public forum/ town square.

17. There are also significant due process concerns regarding how evangelists, petition passers, the general public, and others, are to be apprised of which "rooms" prohibit certain activities and which do not.

18. The Court should grant this motion based on the same legal arguments that Plaintiffs supplied in great detail in their prior memorandum in support of a preliminary injunction, their subsequent briefs, and this Court's well-reasoned opinion granting the preliminary injunction. The Court should also grant this motion because the City refused to follow this Court's directive now resulting in additional motions, just as the Court predicted.

WHEREFORE, Plaintiffs respectfully request that (i) the Court declare the current version of the rules unconstitutional, enjoin the enforcement of the same, and direct the parties once again to meet and confer; and/or (ii) issue a briefing schedule on the provisions of the new rules that Plaintiffs find objectionable; and/or (iii) rule that Plaintiffs may submit an interim attorneys' fee petition.

Dated: September 14, 2020

Respectfully submitted,

**MAUCK & BAKER, LLC**

By: /s/ John W. Mauck

John W. Mauck
Sorin A. Leahu
One N. LaSalle St., Suite 600
Chicago, Illinois 60602
Telephone: 312-726-1243
Facsimile: 866-619-8661
jmauck@mauckbaker.com
sleahu@mauckbaker.com
Counsel for Plaintiffs

Pat Quinn
216 N. Jefferson #200
Chicago, IL 60661

        312-485-1852
        Ltg.patquinn@gmail.com
        Counsel for Intervenors